3

Patrick B. Greenwell (C.S.B. #124014)
Michael R. Germain (C.S.B. # 133553)
THE BANKRUPTCY CENTER
945 Morning Star Drive
Sonora, CA 95370
Telephone: (209) 588-1500

Attorneys for Debtor,
Lachhman Singh

FILED
October 24, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003854374

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA (MODESTO DIVISION)

| | |
|---|---|
| In re:<br><br>LACHHMAN SINGH<br><br>Debtors. | Case No. 11-93304-E-7<br>Chapter 7<br><br>**DC No. TBC-1**<br><br>Date: November 16, 2011<br>Time: 10:30 a.m.<br>Dept: E<br>Location: Modesto |

**DEBTORS' MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF ESTATE [11 U.S.C. § 554 (B)]; MEMORANDUM OF POINTS AND AUTHORITIES**

Debtor, Lachhman Singh (hereinafter "Singh"), by and through his attorneys of record, respectfully ask the Court to make and enter an Order allowing and compelling Gary Farrar, the duly-appointed and acting Trustee in the above-captioned case (hereinafter, "the Trustee") to abandon property of the estate (specifically, a mini mart business operated by debtor Lachhman Singh and known as "Lakeridge Inn"), pursuant to 11 U.S.C. Section 554(b), on the ground that the subject property of the estate is burdensome and/or of inconsequential value and benefit to the Estate. In support of this Motion, Singh respectfully alleges as follows:

1. Mr. Singh commenced this case on September 16, 2011 by filing a voluntary Chapter 7 Petition. Gary Farrar is the duly-appointed and acting Trustee in this case. Mr. Farrar supports the present Motion.

2. Mr. Singh owns and operates a mini mart and a nonoperating gas station known as the Lakeridge Inn. Mr. Singh also lives on the property in a small apartment above the mini mart. The fixtures of the business are encumbered by a fist and second trust deeds on the property totaling in excess of $900,000, and the value of the property and fixtures is approximately ½ of that at $475,000. The only unsecured portions of the business are the inventory of goods (valued at $11,891), business equipment such as cash registers, racks and shelves (valued at $6,800), and beer and wine liquor license (valued at $1,000). For the most part, these assets have been exempted on Schedule C of Mr. Singh's bankruptcy petition.

3. Under these circumstances the "Business" is burdensome and/or of inconsequential value and benefit to the Estate. The little value that is in the business is exempt and everything else is encumbered by secured creditors. In addition, the estate is at risk because of underground gasoline storage tanks. The business has been operating at a loss. It is believed that the Trustee supports the present Motion under these circumstances.

## SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

4. 11 U.S.C. Section 554(b) provides that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." See also, *In re Hyman*, 123 B.R. 342, 347 (9th Cir. BAP 1991).

## ARGUMENT

5. **THE BUSINESS SHOULD BE ORDERED ABANDONED.** Clearly, the Business is burdensome and/or of inconsequential value and benefit to the estate. The fixtures of the business are encumbered by a fist and second trust deeds on the property totaling in excess of $900,000, and the value of the property and fixtures is approximately ½ of that at $475,000. The only unsecured portions of the business are the inventory of goods (valued at $11,891), business equipment such as cash registers, racks and shelves (valued at $6,800), and beer and wine liquor license (valued at $1,000). For the most part, these assets have been exempted on Schedule C of Mr. Singh's bankruptcy petition. The Business is burdensome and/or of inconsequential value and benefit to the estate. Accordingly, the Court should Order that the Business be abandoned

pursuant to Section 554(b).

WHEREFORE, the Singh respectfully ask the Court to make and enter an Order that the Business known as Lakeridge Inn be abandoned pursuant to Section 554(b).

**THE BANKRUPTCY CENTER**

**Date: 10/24/11**               **/s/ Patrick B. Greenwell                ,**
                                 **Patrick B. Greenwell, Attorney for Debtor**